### JONES v. DOHERTY et al.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

HIGHWAYS—ACTION TO REMOVE OBSTRUCTION—PLEADING.

    A complaint to compel defendant to remove fences from premises, described as "Summit Avenue and Cross Street" alleged that a map showing such streets had been filed, that the lands shown on said map as fronting on Summit avenue and Cross street were formerly owned by M. and W. in common, and that M. and W. conveyed some of such lands to divers persons, with all their right, title, and interest in and to the land forming the streets and avenues adjoining and in front of said lot. The complaint did not allege that such streets were highways, or that M. and W. owned the land described as "Summit Avenue and Cross Street," or had any right, title, or interest in the premises described as "Summit Avenue and Cross Street." *Held*, that the complaint did not show any right in the plaintiff to insist on removal of obstructions from the premises.

Appeal from special term, New York county.

Action by Edward Jones against Charles W. Doherty and others. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

M. O. Roberts, for appellant.

P. L. Wilson, for respondents.

PARKER, J. The action is brought to compel the defendants to remove the fences and obstructions maintained by them, so that the plaintiff and the public generally may have free and unobstructed use of certain premises described as "Summit Avenue and Cross Street," situated in front of the premises owned by the defendants. The trial court dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action. It is not alleged therein that Summit avenue and Cross street are public highways. It was apparently the view of the pleader that by the deeds conveying to the plaintiff certain lands fronting on Summit avenue and Cross street he acquired the right to the unobstructed use of the premises described as Summit avenue and Cross street for the purpose of passing to and from his premises. While it is possible that the situation was such that the conveyance had that effect, it does not so appear from the complaint. The first allegation is to the effect that a map was filed in the office of the register of Westchester county in June, 1851. The occasion of its making and filing, and whether by the owners of the whole or any part of the lands described in it, do not appear.

The second allegation is in these words: "That the lands shown on said map and fronting on said Summit avenue and Cross street were formerly owned by John M. Martin and Harris Wilson as tenants in common." The ownership of Martin and Wilson, it will be observed, is confined to the lands fronting on Summit avenue and Cross street, neither of which was a public highway; and it does not appear anywhere in the complaint that Martin and Wilson ever owned the land described as Summit avenue and Cross street.

The third allegation is that Martin and Wilson conveyed certain lands to divers persons, and that immediately after the description of the premises in each of the deeds was the following: "And also all the right, title, and interest of the said parties of the first part of, in, and to the land forming the streets and avenues adjoining and in front of the said lots, extending to the center of said streets and avenues, subject to the use thereof by all the owners of lots laid down on said map and by the public generally as public streets, according to said map." But, as we have said, it does not appear from the complaint that Martin and Wilson ever had any "right, title, or interest" in and to the premises called Summit avenue and Cross street. These allegations are therefore insufficient to show any right in the plaintiff to insist upon removal of obstructions from the premises in question. Our attention is called to other alleged defects in the complaint, but the one referred to justified the decision of the court, and a consideration of other questions is not needful.

The judgment should be affirmed, with costs. All concur.